## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Christopher L. Langley

April 15, 1993.

Case No. (Criminal) 79431

BY JUDGE ARTHUR B. VIEREGG, JR.

In an October 1, 1939, radio broadcast, Winston Churchill characterized Russia's action in the early days of the Second World War as a riddle wrapped in a mystery inside an enigma. The same might be said for the applicability to the present case of the interspousal confidential communications privilege created by Va. Code Ann. § 8.01–398 (1992).

The defendant, Christopher L. Langley ("Langley") is charged with a violation of Va. Code Ann. § 18.2–427 (1988) i.e., that he used obscene and indecent language in a telephone call to threaten an illegal or immoral act with intent to intimidate his wife, Linda A. Langley. At the time, the Langleys were separated. In late January, 1993, and after the alleged offense, they were divorced. The Fairfax Juvenile and Domestic Relations General District Court convicted Langley of a violation of Code § 18.2–427. He has appealed that conviction.

On April 9, 1993, this Court heard argument with regard to Langley's motion, *inter alia*, to exclude certain testimony of his former wife as to a telephone conversation with her husband (even if threats were made in the course of it), because the conversation constituted a "communication privately made by one [spouse] to another while married" within the meaning of Va. Code § 8.01–398. He accordingly contends that such testimony cannot be introduced at his trial without his consent. It is reasonably clear that such consent will not be forthcoming.

Code § 8.01–398 which modifies the interspousal confidential communication privilege contains express language suggestive that it applies only to "civil" litigation. The Supreme Court of Virginia, however, has held that it also applies to criminal cases as well. *Church v. Commonwealth*, 230 Va. 208, 214 (1985). The Court reached this conclusion because of the provisions of Va. Code Ann. § 19.2–271.2 (1990) which governs in a criminal case when one spouse is competent to testify against another. It provides in significant part:

> Section 19.2–271.2. *Testimony of husband and wife in criminal cases.* — In criminal cases husband and wife shall be allowed, and subject to the rules of evidence governing other witnesses *and subject to the exception stated in Section 8.01–398,* may be compelled to testify in behalf of each other, but neither shall be compelled, nor, without the consent of the other, allowed to be called as a witness against the other, except (i) in the case of a prosecution for an offense committed by one against the other or against a minor child of either, (ii) in any case where either is charged with forgery of the name of the other or uttering or attempting to utter a writing bearing the allegedly forged signature of the other or (iii) in any proceeding relating to a violation of the laws pertaining to criminal assault . . . .
>
> In the prosecution for a criminal offense committed by one against the other . . . each shall be a competent witness except as to a privileged communication.

(Emphasis added.) The Court held that the explicit reference in to the spousal confidential communication statute "had the effect of retaining, as part of our law of criminal procedure, the historic interspousal confidential communication privilege . . . notwithstanding confinement [of it] to 'civil actions'." *Church*, 230 Va. at 214.

Relying upon *Menefee v. Commonwealth*, 189 Va. 900 (1949), the defendant contends that his alleged conversation with his wife (which gives rise to this case) must, by definition, have been a confidential communication, i.e., a "communication privately made," within the meaning of Code § 8.01–398, and that it is therefore privileged. Langley's position that even threats may fall within the ambit of a privileged interspousal confidential communication is, moreover, argu-

ably correct in view of the expansive definition of confidential communications given by the Court in *Menefee:*

> It is difficult to formulate any rule by which various matters transpiring between spouses may be readily catalogued and correctly classified as "communications privately made." Yet, in our opinion, *the immunity and ban of the statute applies to and includes all information or knowledge privately imparted and made known by one spouse to the other by virtue of and in consequence of the marital relation through conduct, acts, signs, and spoken or written words.*

*Menefee,* 189 Va. at 912 (emphasis added). Ms. Langley's knowledge of her husband's threats was indisputedly gained in the course of a private conversation with her husband which related to, and therefore arose as a consequence of, their marriage.

If this Court's analysis were to end at this point, it would be left with the counter-intuitive proposition that on one hand the General Assembly has enacted Code § 18.2–427 making it an offense for anyone to use obscene or indecent language to threaten anyone (including his or her spouse), while it has also enacted the interspousal confidential communication statute which would negate virtually every prosecution of violations of Code § 18.2–427 involving a telephone threat made by one spouse against another.

When this matter was initially orally argued on April 9, 1993, the Assistant Commonwealth's Attorney, Mr. Bittner, referred this Court to the concluding portion of Code § 8.01–398. It provides:

> B. The provision in subsection A of this section [creating the interspousal confidential communication privilege] shall not apply in those instances where the law of this Commonwealth confers upon a spouse a right of action against the other spouse.

He argued that it created an exception covering the instant case. At the time, counsel for Mr. Langley, the Court and perhaps Mr. Roche, suggested that subsection B applied only to civil cases. Upon further reflection, however, subsection A, relied upon as a shield by Mr. Langley, also contains language suggestive that it too only apples to civil cases. It is only by reference to Code § 19.2–271.2 that its applicability to criminal cases may be gleaned. But Code § 19.2–271.2 does not incorporate by reference only subsection A of Code § 8.01–398, it

incorporates all of Code § 8.01–398. As a consequence, this Court adopts Mr. Bittner's argument that by virtue of the exception codified in Code § 8.01-398(B), the interspousal confidential communication privilege does *not apply* to those criminal cases involving an offense committed by one spouse against another, the analog to "those instances [in civil cases] where the law . . . confers upon a spouse a right of actions against the other spouse."

In view of the foregoing analysis and decision, the defendant's former spouse is not only competent to testify against her husband at trial in accordance with Code § 19.2–271.2, but she may also testify as to all confidential communications including telephonic threats against her.